**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| **MARIA CALDEO,**<br>   **Plaintiff,**<br>  v.<br><br>**RESURGENT CAPITAL SERVICES, LP**<br>**and LVNV FUNDING, LLC,**<br>   **Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Maria Caldeo, the Plaintiff herein, by her attorneys, as and for her complaint against the Defendants RESURGENT CAPITAL SERVICES, LP ("Resurgent") and LVNV FUNDING, LLC ("LVNV"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C §1681 *et seq.* and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because Plaintiff lives in this District, Defendant conducts business in this District, and the injury occurred in this District.

## PARTIES

7. At all relevant times, Plaintiff Maria Caldeo has resided in the State of New York. Plaintiff is a "consumer" as that term is defined in the FDCPA, FCRA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

8. Defendant RESURGENT CAPITAL SERVICES, LP was and is a foreign limited partnership that did transact, and does now presently transact business in the State of New York through its registered agent Corporation Service Company, located at 1180 Avenue of the Americas, Suite 210, New York, New York 10036.

9. Defendant LVNV Funding, LLC was and is a foreign limited liability company that did transact, and does now presently transact business in the State of New York through its registered agent Corporation Service Company, located at 1180 Avenue of the Americas, Suite 210, New York, New York 10036.

10. Upon information and belief, the principal purpose of Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers.

11. Upon information and belief, the principal purpose of LVNV is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Upon information and belief, LVNV uses its affiliated company, Resurgent, as its licensed debt collector.

13. Resurgent is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

14. Resurgent is a "person" as defined under 15 U.S.C. 1681a(b).

15. LVNV is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

16. LVNV is a "person" as defined under 15 U.S.C. 1681a(b).

17. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

18. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

19. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

20. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendants.

21. At no time has Plaintiff owed any debt to Defendants.

22. At no time has Plaintiff had any accounts open with Defendants.

23. At no time has Plaintiff had any personal credit accounts with Defendants.

24. At no time has Plaintiff had any personal business relationship with Defendants.

25. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

26. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff owed a debt to Defendants.

27. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

## Collection Attempts

28. On or around July 1, 2020, Plaintiff reviewed her personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

29. On or around July 2, 2020, Plaintiff reviewed her personal credit file maintained by Equifax Information Services, LLC, ("Equifax") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

30. On or around July 3, 2020, Plaintiff reviewed her personal credit file maintained by Trans Union, LLC, ("Trans Union") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

31. Defendants' representations to Experian, Equifax and Trans Union are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32. Within the Experian report, Defendants reported that Plaintiff opened the account with Resurgent/LVNV on May 18, 2018.

33. Within the Equifax report, Defendants reported that Plaintiff opened the account with LVNV on May 18, 2018.

34. Within the Trans Union report, Defendants reported that Plaintiff opened the account with LVNV on May 18, 2018.

35. Defendants' representations to Experian, Equifax and Trans Union were false and deceptive because Defendant does not report these as the dates the account was opened with the original creditor. Defendants instead create the false narrative LVNV or Resurgent is the original creditor that Plaintiff opened the account that resulted in the alleged debt.

36. Moreover, Defendants' false reporting to Equifax continues with their reporting of the date of delinquency of the alleged account is September 1, 2017. This is confusing to say the least, because how can a delinquency occur on a date before the alleged account was opened?

37. LVNV and Resurgent have continued their collection efforts by their false and deceptive representations to Experian, Equifax and Trans Union.

38. Defendants' false and deceptive representations to Experian, Equifax and Trans Union have damaged the Plaintiff in that Plaintiff's credit profile is tainted and her debt to income ratio is severely affected, which have adversely affected her credit standing which has hindered her ability to apply for and benefit from credit.

39. Defendants' reporting to the credit reporting bureaus, in regards to the date the account was opened and the date of delinquency are patently false because there is no credit agreement or contract between Defendants and the Plaintiff.

40. Defendants are clearly engaging in the practice of "re-aging" of the accounts, in which it creates the false narrative that the account is a new accounts in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

41. There is no agreement in writing between the Defendants and the Plaintiff that authorized the collection of this alleged debt.

42. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

43. Defendants' actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

44. Defendant representations to Experian, Equifax and Trans Union are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## Impermissible Pulls

45. On or about November 7, 2019 and multiple times thereafter, despite being cognizant of the facts as delineated above, Defendants, particularly Defendant Resurgent accessed Plaintiff's individual and personal credit file from Experian Information Solutions, Inc., a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

46. At no time did Plaintiff consent to Defendants accessing her individual and personal credit report from Experian.

47. Defendants accessed Plaintiff's individual and personal credit report from Experian without a legitimate business reason to do so.

48. Defendants accessed Plaintiff's individual and personal credit report impermissibly from Experian.

49. Defendants accessed Plaintiff's individual and personal credit report from Experian without first informing Plaintiff of its intent to do so.

50. At the times Defendants accessed Plaintiff's individual and personal credit report from Experian, Defendants reviewed Plaintiff's private information.

51. At the time Defendant accessed Plaintiff's individual and personal credit report from Trans Union and Experian, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

52. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, Defendants impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

53. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, Defendants impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

54. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, Plaintiff's private financial information was published to Defendants.

55. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, unknown employees, representative and/or agents of Defendants viewed Plaintiff's private financial information.

56. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

57. At the time Defendants accessed Plaintiff's individual and personal credit report from Experian, Plaintiff's personal information, as delineated above, was published to Defendants.

58. In light of the facts articulated herein, Defendants engaged in conduct in an attempt to oppress and harass Plaintiff into paying a debt.

59. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false and misleading representations or utilizing deceptive means.

60. In light of the facts articulated herein, Defendants attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt.

61. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false credit information.

62. In light of the facts articulated herein, Defendants utilized unfair and unconscionable means to collect the alleged debt.

63. In light of the facts articulated herein, Defendants attempted to collect a debt not authorized by an agreement creating the debt.

64. In light of the facts articulated herein, Defendants unlawfully obtained Plaintiff's consumer report without the Plaintiff's written authorization or a permissible purpose;

65. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## ALLEGATIONS OF LAW

66. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

67. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

68. Defendants' conduct violates 15 U.S.C. § 1681b(f)(1) in that the Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendants'

review of her personal information and her credit information and an injury to her credit rating and reputation.

69. That as per 15 U.S.C. § 1681 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n from each and every Defendant herein.

70. Defendants' conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

71. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

72. Plaintiff was damaged by the Defendants' conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendants' conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## COUNT I
## Violations of the Fair Debt Collection Practices Act

73. Plaintiff adopts and realleges the foregoing as fully stated herein.

74. Defendants violated the FDCPA.

75. Defendants' violations include, but are not limited to the following:  d, e, and f.

    i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

      ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

     iii. Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

     iv. Defendants violated 15 U.S.C. § 1692e(8) by communicating false credit information;

      v. Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

     vi. Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

76. Defendants' violation of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

77. Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

78. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

79. Defendants' violation of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k(a)(1).

80. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing

to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II
## Violations of the Fair Credit Reporting Act

81. Plaintiff adopts and realleges the foregoing as fully stated herein.

82. Defendants violated the FCRA.

83. Defendants' violations include, but are not limited to the following:

    i. Defendants violated 15 U.S.C. § 1681b(f)(1) by unlawfully obtaining a consumer report without the consumer's written authorization or a permissible purpose;

84. As a result of Defendants' conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

85. Defendants' violations of § the FCRA render them liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1681n.*

## COUNT III
## Violations of the New York General Business Law § 349

86. Plaintiff adopts and realleges the foregoing as fully stated herein.

87. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

88. Defendants' violations of § 349(a) of the NY GBL render them liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

89. Defendants' violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

90. As a direct and proximate result of Defendants' conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

91. Defendants' violations of § 349(a) of the NY GBL render them liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

92. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Maria Caldeo prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against each and every Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d. Declare the Defendants violated the FCRA;

e. For an award of actual compensatory damages suffered pursuant to 15 U.S.C. §1681n;

f. Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

g. Declare that the Defendants violated the NY GBL;

h. Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

i. Enter judgment enjoining the Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

j. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Caldeo demands trial by jury.

Dated: October 21, 2020

Respectfully submitted,

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**